IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-286-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LARRY RAY WARD, ) | |
| ) | |
| Defendant. ) | |

On January 9, 2012, pursuant to a plea agreement, Larry Ray Ward ("Ward") pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine (count one), and possession of a firearm in furtherance of a drug trafficking crime (count two). See [D.E. 23–24, 42]. On April 30, 2012, the court held Ward's sentencing hearing. See [D.E. 29]; Sentencing Tr. [D.E. 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 26]. See Sentencing Tr. at 4–5; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Ward's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 322 to 387 months' imprisonment. See [D.E. 31]; Sentencing Tr. at 5. After granting the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court varied down and sentenced Ward to 180 months' imprisonment on count one and 60 months' imprisonment on count two to be served consecutively. See Sentencing Tr. at 5–7, 15–22; [D.E. 30]. Pursuant to the plea agreement, the court dismissed counts three and four. See Sentencing Tr. at 20; [D.E. 30].

On March 27, 2015, Ward moved for a sentence reduction under 18 U.S.C. § 3582(c)(2),

U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 53] and filed a memorandum in support [D.E. 54]. On November 30, 2015, the government responded in opposition [D.E. 63]. The government noted that Ward's advisory guideline range was based on his status as a career offender, not U.S.S.G. § 2D1.1. See id. at 3–4. Thus, the government argues that Ward is not eligible for relief under Amendment 782. See, e.g., id.; U.S.S.G. § 1B1.10, cmt. n.1(A); United States v. Woods, No. 16-7550, 2017 WL 462532, at *1 (4th Cir. Feb. 2, 2017) (per curiam) (unpublished); United States v. Solomon, 643 F. App'x 251, 252 (4th Cir. 2016) (per curiam) (unpublished); United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) (per curiam) (unpublished).

The court agrees that Amendment 782 does not apply to sentences derived from the career offense provisions. See U.S.S.G. § 1B1.10, cmt. n.1(A). Thus, Ward's motion for a sentence reduction is denied.

Alternatively, even if the court had discretion to reduce Ward's sentence, it would not reduce his sentence.[1] The court finds that Ward engaged in serious criminal behavior. See PSR ¶¶ 12–14. Moreover, Ward is a recidivist, with convictions for possession with intent to sell and deliver cocaine (four counts), trafficking cocaine, possession of a stolen motor vehicle, and possession with intent to sell and deliver marijuana. See PSR ¶¶ 17, 19, 22, 23, 25. Ward also has performed poorly on supervision and has little work history. See id. ¶¶ 23, 25.

Having reviewed the entire record and all relevant policy statements, the court finds that Ward received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C.

---

[1] See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); Mann, 709 F.3d at 306–07; United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

§ 3553(a). Further reducing Ward's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, if the court has discretion to reduce Ward's sentence, the court denies Ward's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Ward's motion for reduction of sentence [D.E. 53].

SO ORDERED. This _2_ day of June 2017.

JAMES C. DEVER III
Chief United States District Judge