IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-286-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LARRY RAY WARD, | ) | |
| Defendant. | ) | |

On March 3, 2022, Larry Ray Ward ("Ward" or "defendant") moved a second time for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 92]. On March 16, 2022, the government responded in opposition [D.E. 94]. As explained below, the court denies Ward's latest motion for compassionate release.

I.

On January 9, 2012, pursuant to written a plea agreement, Ward pleaded guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base (crack) and 500 grams or more of cocaine (count one), and possession of a firearm in furtherance of a drug-trafficking crime (count two). See [D.E. 23–24, 42]. On April 30, 2012, the court held Ward's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 26]; [D.E. 29]; Sentencing Tr. [D.E. 41] 4–5. The court calculated Ward's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 322 to 387 months' imprisonment. See Sentencing Tr. at 5. After granting the government's downward departure motion and thoroughly considering the arguments

of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Ward to 180 months' imprisonment on count one and 60 months' consecutive imprisonment on count two, for a total term of 240 months' imprisonment. See Sentencing Tr. at 5–7, 15–22; [D.E. 30]. Ward did not appeal.

On December 2, 2013, Ward moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence based on a challenge to his career-offender status. See [D.E. 33, 33-1]. On May 27, 2014, the court granted the government's motion to dismiss, dismissed Ward's section 2255 motion, and denied a certificate of appealability. See Ward v. United States, No. 5:11-CR-286-D, 2014 WL 12495276 (E.D.N.C. May 27, 2014) (unpublished). Ward appealed. See [D.E. 45]. On August 26, 2014, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed Ward's appeal. See United States v. Ward, 582 F. App'x 204 (4th Cir. 2014) (per curiam) (unpublished), cert. denied, 574 U.S. 1094 (2015).

On March 27, 2015, Ward moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines and filed a memorandum in support. See [D.E. 53, 54]. On June 2, 2017, the court denied Ward's motion. See [D.E. 70].

On April 2, 2015, Ward moved pro se for a writ of habeas corpus under 28 U.S.C. § 2241. See [D.E. 55]. On June 25, 2015, the court denied Ward's section 2241 motion and denied a certificate of appealability. See Ward v. United States, No. 5:11-CR-286-D, 2015 WL 13544326 (E.D.N.C. June 25, 2015) (unpublished). Ward appealed. See [D.E. 57]. On May 16, 2017, the Fourth Circuit affirmed this court's judgment, held that this court lacked jurisdiction over Ward's petition, and modified the court's order "to reflect a dismissal without prejudice for lack of

2

jurisdiction." Ward v. United States, 689 F. App'x 207, 207 (4th Cir. 2017) (per curiam) (unpublished).

On June 29, 2020, Ward moved pro se for compassionate release. See [D.E. 77]. On August 26, 2020, through counsel, Ward supplemented his motion for compassionate release. See [D.E. 80]. On November 4, 2020, the court entered a comprehensive order and denied Ward's motion for compassionate release after considering Ward's medical conditions, the COVID-19 pandemic, and the 18 U.S.C. § 3553(a) factors. See [D.E. 84]. Ward appealed, but later dismissed his appeal. See [D.E. 90].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is

3

nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s timing requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and

4

compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. U.S.S.G. § 1B1.13, cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13, cmt. n.2.

On May 6, 2020, Ward applied to his warden for compassionate release. See [D.E. 92-2]. On May 14, 2020, the warden denied Ward's request. See id. On August 9, 2021, Ward again applied for compassionate release, and 30 days have lapsed without him receiving a response. See [D.E. 92] 4; [D.E. 92-3]. Moreover, the government has not invoked section 3582(c)(1)(A)'s threshold timing requirements. See Muhammad, 16 F.4th at 130. Accordingly, the court considers Ward's motion on the merits.

In support of his motion for compassionate release, Ward cites the COVID-19 pandemic, his health conditions, his age, his change in career-offender status, his rehabilitation efforts, and his release plan. See [D.E. 92]. As for his medical conditions, Ward is obese and has Type 2 diabetes, diabetic polyneuropathy, hypertension, hyperlipidemia, and chronic kidney disease (stage 3). See id. at 5; Sentencing Tr. at 9–10, 18; see also U.S.S.G. § 1B1.13, cmt. n.2. Ward argues his health conditions place him at heightened risk of serious infection from COVID-19. See [D.E. 92] 5–13. Under the "medical condition of the defendant" policy statement, a defendant may qualify for compassionate release if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

5

U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Ward argues he has a diminished capacity to provide self-care while incarcerated because his polyneuropathy makes it difficult for him to perform certain daily functions. See [D.E. 92] 5. The BOP gives Ward "insulin injections multiple times per day and has an extensive list of medications to manage" Ward's health conditions. Id. at 5–6; cf. [D.E. 92-4] (medical records). The court assumes without deciding that Ward's health conditions, particularly his polyneuropathy, are extraordinary and compelling under the "medical condition of the defendant" policy statement. See U.S.S.G. § 1B1.13 cmt. n.1(A). Nonetheless, the 18 U.S.C. § 3553(a) weigh against granting Ward's motion for compassionate release.

As for Ward's argument that his health conditions place him at heightened risk of serious infection from COVID-19, Ward has already contracted and recovered from COVID-19, thereby obtaining natural antibodies. See [D.E. 92] 9; [D.E. 92-4] 15–16; see also Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021). Ward has also received three doses of a COVID-19 vaccine, thus diminishing his risk of serious infection from COVID-19, even in light of his health conditions. See [D.E. 92-4] 17; see, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) ("[V]accination does not rule out reinfection, but this does not diminish that vaccination mitigates the risk of COVID-19 complications . . . ."); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]ith access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021), cert. denied, 2022 WL 1611819 (U.S. May 23, 2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of

6

district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Accordingly, granting Ward compassionate release because of the risk from COVID-19 in combination with Ward's health conditions does not comport with the "medical condition of the defendant" policy statement. See 18 U.S.C. § 3582(c)(1)(A).

As for his age, Ward is 63 years old. Granting compassionate release due to Ward's age is inconsistent with the "age of the defendant" policy statement, which does not apply unless, inter alia, the defendant is 65 years old. See U.S.S.G. § 1B1.13, cmt. n.1(B). Nonetheless, the court considers Ward's age under the "other reasons" policy statement.

As for Ward's argument that he would no longer be sentenced as a career offender because the conspiracy for which he is currently incarcerated is no longer a "controlled substance offense" within the meaning of the career-offender guidelines, the court assumes Ward is correct. See U.S.S.G. § 4B1.1(a); United States v. Norman, 935 F.3d 232, 237–38 (4th Cir. 2019); United States v. McCollum, 885 F.3d 300, 304–09 (4th Cir. 2018). Moreover, the court has considered Ward's arguments concerning what his advisory guideline range would be if he was sentenced today. See [D.E. 92] 13–14. The court assumes Ward's change in career-offender status is an extraordinary and compelling reason under the "other reasons" policy statement. See U.S.S.G. § 1B1.13 cmt. n.1(D).

The court assumes without deciding that COVID-19, Ward's health conditions, his age, his change in career-offender status, his rehabilitation efforts, and his release plan constitute extraordinary and compelling reasons under the "other reasons" policy statement and section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

7

independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Ward's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Ward is 63 years old and is incarcerated for conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine and 500 grams or more of cocaine (count one), and for possession of a firearm in furtherance of drug-trafficking crime (count two). See PSR ¶¶ 1–6. Ward engaged in serious criminal conduct from at least 2004 to February 2011. Ward was responsible for conspiring and possessing with intent to distribute 3.46 kilograms of cocaine, 1.066 kilograms of crack cocaine, and 2.3 grams of marijuana. See id. ¶ 14. Ward also possessed a firearm to further his illicit drug trafficking. See id. ¶¶ 12, 14. Unfortunately, Ward's serious criminal conduct was nothing new. See Sentencing Tr. at 17–18. Before committing the federal crimes for which he is currently incarcerated, Ward had convictions in state court for possession with intent to sell and deliver cocaine (four counts), carrying a concealed weapon, trafficking in cocaine, possession of marijuana up to one-half ounce (two counts), possession of marijuana, possession with intent to sell and deliver marijuana, possession of drug paraphernalia, and possession of a stolen motor vehicle. See id. ¶¶ 16–26. Ward's sustained these convictions in state court between the ages of 33 and 47. See id. Ward also has a poor record on supervision, having twice engaged in new criminal conduct while on state probation. See id. ¶¶ 23, 25.

Ward has taken some positive steps while federally incarcerated. Cf. Pepper v United States, 562 U.S. 476, 480 (2011). For example, Ward has taken education and vocation training courses and is working to complete his GED. See [D.E. 92] 15; [D.E. 92-5] 1–2. Ward works as an orderly. See [D.E. 92] 15; [D.E. 92-5] 1. He also has coached softball and volunteered in the prison chapel.

8

See [D.E. 92] 15. Ward, however, has incurred several infractions, including two in 2021. See [D.E. 92-5] 2.

The court must balance Ward's mixed rehabilitation efforts with his serious criminal conduct, his terrible criminal history, his poor record on supervision, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, No. 20-1650, 2022 WL 2295029, at *12 (U.S. June 27, 2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered legal changes, Ward's potential exposure to COVID-19, his natural antibodies, his vaccinated status, his medical conditions, his age, and his release plan. See [D.E. 92]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Ward's arguments, the government's persuasive response, the need to punish Ward for his serious criminal behavior, to incapacitate Ward, to promote respect for the law, to deter others, and to protect society, the court denies Ward's motion for compassionate release. See, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 92].

SO ORDERED. This 28 day of June, 2022.

JAMES C. DEVER III
United States District Judge

9